UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,              No.    1:06-CR-73

              vs.                     Hon.   Gordon J. Quist

DANIEL M. KORSON,

                    Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

      The Presentence Investigation Report has calculated the advisory guidelines applicable to the defendant's sentence and has concluded that they call for a sentence of between 37 and 46 months. The United States agrees that the sentencing guidelines have been accurately calculated, but requests an upward departure under Sentencing Guideline § 5K2.0. The United States also requests that the Court impose a sentence above this range under 18 U.S.C. § 3553. In each case, the basis for this request is due to the fact that the harm measured by the Sentencing Guidelines does not include the harm done to the Greater Muskegon Catholic Schools as a result of the defendant's conduct.

      Paragraphs 47 through 53 of the Presentence Investigation Report accurately reflect the impact of the defendant's criminal conduct on the Greater Muskegon Catholic Schools. These paragraphs detail the substantial damage the school system sustained as a result of the defendant's behavior. The Court should also be aware of

some other consequences directly resulting from this case.  St. Michael's School, an elementary school, has been closed and 11 employees working there were laid off.  All school system staff have had their wages and benefits frozen.  Students have seen sudden tuition increases of ten percent.   Reports that the school system is in financial jeopardy and may not be able to continue has led to public uncertainty about the financial viability of the school system.  This has led many students to attend school elsewhere, and has caused donations to the school system to decrease.  This has only compounded the school system's financial woes.

The defendant may argue that by funneling a portion of his embezzled funds to the school system he kept it viable longer than it could have otherwise been.  Assuming for the moment that this argument is true, it misses the point.  There can be little argument that it is the sudden revelation of the schools' financial situation which is a major cause of the disaster for school employees, students and others who are suddenly faced with the prospect of no employment or no school to attend.  Much of this could have been avoided had the defendant told the school system years ago about its financial problems, the recent drastic measures could have been avoided.  Instead the defendant stole money to give the school system a false sense of financial security.

None of the damage done to the Greater Muskegon Catholic Schools has resulted in an increase in the defendant's offense level.  All of the increases in the guidelines calculations result from the damage done to Muskegon Family Care, Muskegon Catholic Social Services and the state of Michigan.  This is because the harm done by the

defendant to the Greater Muskegon Catholic Schools cannot be put in monetary terms and so cannot be measured by the guidelines.

The harm done to the Greater Muskegon Catholic Schools should be the basis for an upward departure under U.S.S.G. §5K2.0.  The harm done to the school system is real, but cannot be measured in monetary terms.  The guideline applicable to this crime uses only economic losses to measure the harm done.  This unusual circumstance takes this case out of the "heartland" of embezzlement cases, where the harm can ordinarily be measured by the amount of loss.  <u>Koon v. United States</u>, 518 U.S. 81, 89 (1996).   As for the extent of the departure, the fact that one of the schools had to be closed strikes me as being similar to the increase found at U.S.S.G. § 2B1.1(b)(13)(B), relating to criminal behavior jeopardizing the safety and soundness of an organization.

If for some reason this Court determines an upward departure in the sentencing guidelines is not warranted, it should nevertheless consider if a higher sentence is warranted under 18 U.S.C. § 3553.  That statute requires a sentence which reflects the seriousness of the offense, which may or may not be the same as the sentence recommended by the sentencing guidelines.  § 3553(a)(1);  <u>United States v. Blackwell</u>, __ F.3d __, 2006 WL 2473662 (6th Cir.  August 29, 2006).

The bottom line is this: the harm done by the defendant is more than financial harm, but that is all the guidelines examine.  This Court has been given the sole responsibility for punishing the defendant for the harm he has done to the community.  A just sentence demands punishment for this additional harm.

-3-

Respectfully submitted,

MARGARET M. CHIARA
United States Attorney


Date: September 12, 2006                    /s/ Timothy P. VerHey
                                           TIMOTHY P. VERHEY
                                           Assistant United States Attorney
                                           PO Box 208
                                           Grand Rapids, MI  49501-0208
                                           (616) 456-2404